BLD-095                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2358
_____

KENNETH R. TALLEY; JANICE A. TALLEY; KRISTINA KAREN TALLEY,
Appellants

v.

JUDITH C. HORN; DARREN W. HORN, SR.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:23-cv-00982)
District Judge:  Honorable Maryellen Noreika
_____

Submitted on Appellants' Motion for Summary Action and Appellees' Motion to Dismiss
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
or for Possible Dismissal under 28 U.S.C. § 1915(e)(2)

March 6, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 27, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Kenneth and Janice Talley,[1] husband and wife, and their daughter Kristina Talley appeal from an order of the District Court dismissing their complaint for lack of subject matter jurisdiction. Appellants have filed a motion for summary action, and Appellees' have filed a motion to dismiss. Because there is no substantial question presented, we will summarily vacate the District Court's order and remand the matter to the District Court for further proceedings. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Kenneth and Janice Talley have spent years in state and federal courts litigating against their daughter Judith Horn and her husband Darren Horn, Sr. ("the Horns"), and seeking to establish a right or interest in a Milton, Delaware property owned by the Horns. Two of those proceedings are relevant here. After a trial in the Delaware Court of Chancery, a Master issued a report, which was later approved and adopted by the Chancellor, finding that the Talleys had no interest in the property. See Talley v. Horn, No. 53, 2023, 2023 WL 5218142, at *1 (Del. Aug. 14, 2023). Subsequently, the Horns filed an ejectment action, which the Superior Court granted. See id. at *2-3 (affirming the Superior Court's ejectment order).

The Appellants brought this action against the Horns in Delaware District Court raising five claims, including federal claims pursuant to 42 U.S.C. § 1983 for violations of their First and Fifth Amendment rights, as well as civil conspiracy, and state law

---

[1] Kenneth and Kristina Talley have filed a motion for substitution, indicating that Janice Talley is now deceased, and requesting to substitute Kristina, as Janice's estate representative, for the deceased. In light of our disposition, and because there is no probate proceeding pending, we deny the motion to substitute without prejudice to refiling the motion in the District Court.

claims for fraud and misrepresentation, elder abuse, and intentional infliction of emotional distress. The District Court determined that Appellants were attempting to undo the Chancery Court judgment and the ejectment order, and, therefore, that the claims were barred by the Rooker-Feldman[2] doctrine. The District Court dismissed the complaint for want of jurisdiction, and this appeal ensued.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's application of the Rooker-Feldman doctrine. See Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 323-24 (3d Cir. 2000). We may affirm the judgment on any grounds supported by the record, including those not reached by the District Court. See OSS Nokalva, Inc. v. Eur. Space Agency, 617 F.3d 756, 761 (3d Cir. 2010).

The Rooker-Feldman doctrine precludes federal consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It is a narrow doctrine, limited to cases where the complained-of injury stems directly from the state court's proceedings. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010). We conclude that it does not apply here.

---

[2] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

3

In the introduction to their complaint, Appellants maintained that they brought the action "*to challenge the illegal and unlawful orders administered by the state court*." ECF No. 1 at 4 (emphasis in original). And in stating the "Facts Pertaining to the Case," Appellants alleged that the Court of Chancery denied Kenneth's right to due process, and that the state courts "have *never* allowed crucial evidence" and "ignored the civil rules of procedure." Id. at 9. But the actual claims set forth in the complaint are for injuries stemming from the Horn's actions, not from any state court proceeding. For example, the § 1983 claims are based on "[t]he conduct of the defendants" in "depriving Ken and Janice Talley of their property" and "conspiring in the schemed plan for ejectment." Id. at 14-15. Because the source of the injury sought to be redressed is not the state court judgment, the District Court erred in dismissing the complaint as barred by Rooker-Feldman.

Because of its disposition, the District Court did not consider whether it otherwise had jurisdiction to entertain the claims. The District Court had jurisdiction over the federal claims brought pursuant to § 1983 for violations of the First and Fifth Amendments, and for civil conspiracy. See 28 U.S.C. § 1331. However, the claims are subject to dismissal because the Horns are not state actors, nor is it alleged that they conspired with state actors. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."); see also Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998) (noting that to

4

plausibly allege a § 1983 civil conspiracy claim the plaintiffs must allege that the private-actor defendants "willfully participate[d] in a joint conspiracy with state officials to deprive [them] of a constitutional right"). We will therefore affirm the dismissal of the § 1983 claims.

It also appears that the District Court may have diversity jurisdiction to consider the remaining state law claims, see 28 U.S.C. § 1332. We will vacate the judgment to the extent that it dismissed the state law claims, and remand for the District Court to determine in the first instance whether diversity jurisdiction exists, and, if so, whether the state law claims have merit.[3]

Based on the foregoing, the appeal fails to present a substantial question. We will therefore deny Appellees' motion to dismiss, grant Appellants' motion for summary action,[4] affirm in part and vacate in part the District Court's judgment, and remand for further proceedings consistent with this opinion.[5]

---

[3] We also note that Appellees moved to dismiss the complaint in the District Court on the ground that they were not timely served with the complaint. See Fed. R. Civ. P. 12(b)(5). They did not press that issue on appeal, so we leave it to the District Court to address it on remand.

[4] The motion for summary action is denied to the extent it also seeks a competency evaluation.

[5] Appellants' motion to file transcripts and for an extension of time for transcripts, motion to allow electronic transcript evidence, and motion to allow expert evidence are denied. In light of our disposition, we deny Appellees' request for sanctions, which was included in their motion to dismiss. Appellees may move to renew their motion in the District Court.